**Civil Action No. 7:22-cv-24**

# EXHIBIT A

CITATION

**CLERK OF THE COURT**
Alex Archuleta
District Clerk
500 N. Loraine Street, Suite 300
Midland, Texas 79701

**ATTORNEY REQUESTING SERVICE**
STEVE HERSHBERGER
600 N MARIENFELD ST STE. 1035
MIDLAND, TX 79701

**THE STATE OF TEXAS**

**NOTICE TO MY COMMUNITY FEDERAL CREDIT UNION:**

"YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY (20) DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU. IN ADDITION TO FILING A WRITTEN ANSWER WITH THE CLERK, YOU MAY BE REQUIRED TO MAKE INITIAL DISCLOSURES TO THE OTHER PARTIES OF THIS SUIT. THESE DISCLOSURES GENERALLY MUST BE MADE NO LATER THAN 30 DAYS AFTER YOU FILE YOUR ANSWER WITH THE CLERK. FIND OUT MORE AT TexasLawHelp.org."

TO: **MY COMMUNITY FEDERAL CREDIT UNION**

GREETINGS: You are commanded to appear by filing a written answer to the petition at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, before the **385TH DISTRICT COURT** of Midland County, Texas, at the Courthouse in Midland, Texas.

Said petition was filed on: **December 28th, 2021**

The file number of said suit being: **CV58243**

The style of the case is:

**CATALINA TORRES**
**V.**
**MY COMMUNITY FEDERAL CREDIT UNION AND JOHN DOE NOS. 1-3**

A copy of **ORIGINAL PETITION** accompanies this citation.

**ISSUED AND GIVEN UNDER MY HAND AND SEAL** OF SAID COURT, at office in Midland, Texas, on December 30th, 2021.

ALEX ARCHULETA
DISTRICT CLERK
MIDLAND COUNTY, TEXAS

By: _April Gomez_, Deputy
APRIL GOMEZ

## OFFICER'S RETURN

**CV58243**        **385TH DISTRICT COURT**

**CATALINA TORRES**
**V.**
**MY COMMUNITY FEDERAL CREDIT UNION AND JOHN DOE NOS. 1-3**

**ADDRESS FOR SERVICE:**
MY COMMUNITY FEDERAL CREDIT UNION
BY SERVING DONNA NEAL, CHIEF EXECUTIVE OFFICER
600 WEST LOUISIANA AVE.
MIDLAND, TX 79701

Came to hand on the _____ day of _____, 20_____, at _____ o'clock ____.m., and executed in _____ County, Texas by delivering to the within named defendant in person, a true copy of this Citation together with the accompanying copy of the **ORIGINAL PETITION**, with the date of delivery endorsed thereon, at the following time and places,
to-wit:

| Name | Date/Time | Place/Location |
|---|---|---|
| | | |

**NOT EXECUTED FOR THE FOLLOWING REASON:** _____

The diligence used in finding said defendant being: _____

and the cause or failure to execute this process is: _____

And the information received as to the whereabouts of said defendant being: _____

_____, Sheriff

**FEES FOR SERVICE $_____**        _____, County, Texas
(Of Citation)
                                        By: _____, Deputy

**STATE OF TEXAS**
**COUNTY OF MIDLAND**

## VERIFICATION

BEFORE ME, A Notary Public, on this day personally appeared _____ known to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein contained are true and correct. I am not a party to this lawsuit and have no interest in the outcome.

Given under my hand and seal of office this the _____ day of _____, 20_____.

_____
NOTARY PUBLIC, STATE OF TEXAS

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my address
            (First, Middle, Last)
is _____.
   (Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____ 20____.

_____        _____
Declarant/Authorized Process Server      (Id # & expiration of certification)

Case 7:22-cv-00024-RCG   Document 1-1   Filed 02/10/22   Page 4 of 8

Filed 12/28/2021 11:09 AM
Alex Archuleta
District Clerk
Midland County, Texas
/s/ Angela Gardea

Midland County - 385th District Court

No. CV58243

| CATALINA TORRES | ( IN THE DISTRICT COURT |
|---|---|
| | ( |
| v. | ( FOR MIDLAND COUNTY, TEXAS |
| | ( |
| MY COMMUNITY FEDERAL CREDIT UNION and JOHN DOE Nos. 1-3 | ( _____ JUDICIAL DISTRICT |

## ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE COURT:

CATALINA TORRES, Plaintiff, complains of MY COMMUNITY FEDERAL CREDIT UNION and JOHN DOE Nos. 1-3., Defendants, and for causes of action would show:

### 1.
### (The Party Plaintiff)

CATALINA TORRES, Plaintiff, is an individual and resident of Midland County, Texas.

### 2.
### (The Party Defendant)

Defendant MY COMMUNITY FEDERAL CREDIT UNION. is a domestic entity doing business in Midland County, Texas in the form of the operation of a credit union and as MY COMMUNITY FEDERAL CREDIT UNION. This Defendant may be served by serving with process: Donna Neal, Chief Executive Officer, 600 West Louisiana Ave., Midland, Texas 79701.

Plaintiff reserves the naming of additional defendants in the event that other actors, aided and abetted in, or were a party to the tort conduct of the Defendants. These additional defendants will be designated as John Doe Nos. 1-3.

3.
(Venue & Primary Jurisdiction)

Venue is proper in this District Court for the reason that the wrongful conduct occurred in Midland County, Texas.

The Plaintiff invokes the concurrent jurisdiction with the United States District Court, for she sues for remedies under Title VII and other federal statutes.

The conditions precedent to filing suit have been met. The Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission. On or about September 28, 2021, a Notice of Rights was served upon the Plaintiff.

3.
(Causes of Action)

CATALINA TORRES, the Plaintiff, hereafter referred to as "Torres" was employed by MY COMMUNITY FEDERAL CREDIT UNION, "Credit Union" beginning in 2010. She had held the position of teller, call center representative and operations support, within the Credit Union and had moved up to the position she held on the date of termination.

On or about May 17, 2021, Torres went on maternity leave and was due to return August 10, 2021. On or about July 26, 2021, Alton Overall, SVP Human Resources, texted Torres to confirm her return date of August 10, 2021. At all times, Overall was acting in the course and scope of his employment for Credit Union. On or about July 29, 2021, Overall texted Torres regarding her return. On or about August 06, 2021, Overall, acting in the course and scope of his employment, terminated Torres, wrongfully in violation of the Federal Family Medical Leave Act, Title VII of the United States Code, and one or more federal employment-based statutes.

At the time of her termination, which was on or about June 20, 2018, she was in Member

Services. At the time of her termination, Torres was earning $18.50 per hour and was also compensated with other benefits.

### A. Sexual Harassment and Sexual Discrimination

During the termination Torres was subjected to sexual harassment and sexual discrimination by one or more employees of the Credit Union by treating her differently based on a unique female characteristics, i.e., pregnancy.

The Defendant discriminated against Torres by terminating her and to causing her to endure a sexually hostile termination.

As a proximate result, the Defendants caused Torres to suffer both special and general damages in the form of loss of income, mental anguish and pain and suffering, loss of dignity and wellbeing, and physical and mental impairment, for which Torres requests an award of compensatory damages.

### 4.
### (Damages)

As a proximate result of the conduct of the Defendant, the Plaintiff sustained damages in the form of loss of income, future loss of earning capacity, mental anguish, pain and suffering and physical and mental impairment. The Plaintiff has sustained a loss of income of up to $120,000.00. The Plaintiff sues for reinstatement, or in the alternative, reasonable future loss of income in the amount of up to $450,000.00. The Plaintiff requests up to $1.5 million for damages of past mental anguish and pain and suffering and mental and physical impairment. The Plaintiff requests an award of up to $500,000.00 for future mental anguish and pain and suffering and mental and physical impairment.

The Plaintiff prays for the sum of $450,000.00 for loss of retirement benefits.

The Plaintiff prays for the recovery from the Defendant, jointly and/or severally, if applicable,

of all damages in excess of the minimum Jurisdiction of the Court.

5.

The Defendants acted knowingly, intentionally or with reckless indifference in discriminating against the Plaintiff. As such, the assessment of up to $500,000.00 for punitive damages is requested.

The Plaintiff reserves in this pleading any claim for breach of fiduciary duty and common law fraud, as pendent state law claims.

6.

The Plaintiff reserves claims against John Doe Nos. 1-3, if revealed through discovery.

7.
(Notice to Defendants)

A notice of suit rights was served upon the Plaintiff and the Defendant.

8.
(Attorney's Fees)

The Plaintiff requests the recovery of reasonably attorney's fees in an amount in excess of the minimum jurisdiction of the Court, if permitted by statute or case law.

The Plaintiff requests the recovery of up to $75,000.00 for pre-trial representation and up to $10,000.00 for trial of this case. If the Defendant elects to appeal, the Plaintiff prays for the recovery of up to $50,000.00 for representation through the United States Court of Appeals for the Fifth Circuit.

9.
(Interest)

The Plaintiff requests the recovery of pre-judgment interest, post-judgment interest and the costs of Court.

10.

The Plaintiff demands a trial by jury.

## Prayer

Wherefore, the Plaintiff requests that the Defendant be cited to appear and answer and after a trial on the merits, the Plaintiff requests the recovery of a Judgment awarding the following relief:

[a] Compensatory damages for the elements and in the elements alleged above;

[b] Reasonable attorney's fees;

[c] Pre-judgment interest, post-judgment interest and costs of court;

[d] Such other relief to which the Plaintiffs are entitled to recover.

Respectfully submitted,

Steve Hershberger, Attorney at Law
600 No. Marienfeld St., Ste. 1035
Midland, TX 79701
432-570-4014
stevehersh@sbcglobal.net

By: __/s/ Steve Hershberger__
Steve Hershberger
Texas State Bar # 09543950

Attorney for Plaintiff